# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) R.A.N.K. Quality Restaurants, LLC ) d/b/a McDonald's ) ) Defendant. ) ) | Civil Action No.  COMPLAINT AND JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (ADA), as well as Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Gladys Jones ("Jones"). As alleged with greater particularity below, R.A.N.K. Quality Restaurants, LLC, d/b/a McDonald's ("Defendant") subjected Jones to discrimination by failing to accommodate her developmental disability and by terminating her because of her disability.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107 (a) of the ADA, 42 U.S.C. §12117 (a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e - 5 (f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of New York.

**PARTIES**

3.      Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. § 2000e - 5 (f)(1) and (3).

4.      At all relevant times, Defendant has been a New York corporation doing business in the State of New York and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701 (g) and (h) of Title VII, 42 U.S.C. §§ 2000e - (g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

**STATEMENT OF CLAIMS**

7.      More than thirty days prior to the institution of this lawsuit, Jones filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Jones suffers from a developmental disability which substantially limits her in the major life activities, among others, of learning, thinking, and caring for herself. During the relevant time period, she was a qualified individual with a disability pursuant to Title I of the ADA.

9.      On or about July 6, 2005, Defendant's manager hired Jones as a crew person for

2

its Karner Road location in Albany, NY, with the knowledge that Jones would be working with the assistance of a job coach.

10.     Despite knowledge of Jones' disability, the identity of her job coach, and her need for reasonable accommodation, Defendant failed to provide Jones with a reasonable accommodation to allow her to correct alleged performance problems.

11.     Instead, Defendant terminated Jones without warning and without providing Jones with the reasonable accommodation of informing her job coach of the alleged performance issues so that Jones could be counseled and allowed to improve.

12.     Defendant terminated Jones in violation of its own progressive disciplinary policy and its policy of providing new employees with three months to learn the assigned job.

13.     Defendant's failure to accommodate Jones's disability and its related termination of Jones's employment violated the ADA.

14.     The unlawful employment practices complained of above were intentional.

15.     The unlawful employment practices complained of above were done with malice or with reckless indifference to Jones's federally protected rights.

16.     The effect of the practices complained of above has been to inflict emotional pain, suffering, and inconvenience upon Jones by depriving her of equal employment opportunities in violation of the ADA.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal opportunities for qualified individuals with disabilities, and which provide affirmative relief necessary to eradicate the effects of their unlawful employment practices,

C. Order Defendant to make Jones whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including but not limited to, front pay and reinstatement.

D. Order Defendant to make Jones whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering and inconvenience in amounts to be determined at trial.

E. Order Defendant to pay Jones punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 24, 2007

Respectfully submitted,

Ronald Cooper
General Counsel
James L. Lee
Deputy General Counsel
Gwendolyn Y. Reams
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C.   20507


/s/Elizabeth Grossman_____
Elizabeth Grossman
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall St., 5th Floor
NY, NY 10004-2112
(212) 336-3696
Elizabeth.Grossman@eeoc.gov